ELECTRONICALLY FILED
Dec 17 2018
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | | |
|---|---|---|
| **GERRI ANNE MEDLEY** and **RUSSELL MEDLEY**, | ) ) ) | CASE NO.: 1:18-CV-224 |
| Plaintiffs, | ) ) ) | JUDGE: Kleeh |
| v. | ) ) ) | |
| **LOWE'S HOME CENTERS, LLC,** | ) ) ) | |
| Defendant. | ) ) ) ) | |

## LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lowe's Home Centers, LLC ("Lowe's") hereby removes this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, Lowe's states that this Court has diversity jurisdiction over this action and pleads as follows:

1. On or about November 13, 2018, Plaintiffs commenced this action by filing a Complaint against Lowe's in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 18-C-457, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon the West Virginia Secretary of State on November 15, 2018 and received by Lowe's designated agent for service of process on November 19, 2018.

2. Plaintiff alleges that on or about March 13, 2017, Plaintiff Gerri Anne Medley ("Mrs. Medley") tripped and fell as a result of a "dangerous, defective, hazardous, and unsafe condition" in the parking lot of Lowe's premises. (*See,* Complaint, attached as **Ex. A**, at ¶

9.) As a result, Plaintiffs allege Mrs. Medley suffered "severe and serious injuries." (*Id.*)

3. The named defendant is Lowe's Home Centers, LLC. (*See*, **Ex. A**).

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).

5. This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of the initial pleading.

## VENUE

6. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 because the Northern District of West Virginia is the United States District Court for the Circuit Court of Monongalia County where the state court action was pending.

## DIVERSITY OF CITIZENSHIP

7. This is a civil action in which there is complete diversity of citizenship between Plaintiffs and Defendant.

8. Upon information and belief, Plaintiffs Gerri Anne Medley and Russell Medley are citizens of West Virginia. (*See*, **Ex. A** at ¶ 1).

9. With the exception of certain class actions, for purposes of diversity

jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See also Central W. Va. Energy, Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

10. At the time of the commencement of this action and at the time of removal, Lowe's was and is a North Carolina limited liability company with its principal office in North Carolina. All of Lowe's members are citizens of North Carolina. Thus, Lowe's is a citizen of North Carolina.

11. Accordingly, there is complete diversity in this civil action, as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

12. Plaintiff Mrs. Medley alleges that as a result of the incident described in the complaint, she suffered from serious, painful and debilitating physical injuries, some or all of which may be permanent:

   a. Injuries to the bones, ligaments, tendons, vessels, nerves and tissues of her left knee,

   b. Right ankle avulsion fracture off the tip of the distal fibula,

   c. Bruises, contusions and other injuries in or about the nerves, muscles, bones, tendons, ligaments, tissues and vessels of her body,

   d. Shock, nervous tension and anxiety; and

   e. Other serious injuries.

(*See*, **Ex. A** at ¶ 15). Mrs. Medley further alleges that she suffered great physical pain, suffering,

8272516.1

agony, embarrassment, mental anguish and emotional distress; suffered from an impairment to her general health, strength and vitality; incurred significant expenses for medical care and rehabilitation; and suffered a loss of income and diminished earning capacity that will continue into the future. (*Id.*)

13.     Plaintiff Russell Medley alleges that as a result of the incident described in the complaint, he "has been and will continue to be required to expend large sums of money for his wife's medical care, medical supplies, and medicine; and . . . has been and will continue to be deprived of the services, assistance, companionship and society of his wife." (*See, id.* at ¶ 22).

14.     Plaintiffs' pre-suit demand is well over the required jurisdictional limit. (*See*, pre-suit demand letter, attached as **Exhibit B**).

15.     Although the Complaint does not specify the exact amount of damages sought by Plaintiffs, the amount in controversy in this case, based on Plaintiffs' allegations as pleaded in the Complaint, exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16.     Removal is proper if the removing party can establish by a preponderance of the evidence facts to demonstrate that the amount in controversy exceeds $75,000. *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W. Va. 2004).

17.     The Court "is not required to leave common sense behind when determining the amount in controversy." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005) (internal quotation marks and citation omitted). To that end, "[w]hen the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal

filed with a federal court, and other relevant materials in the record." *Id.* Moreover, "a demand in excess of the jurisdictional minimum should be treated as the amount in controversy, unless the plaintiff shows to a legal certainty that he cannot recover over $75,000." *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 968–69 (S.D. W. Va. 2011); *see also White v. Macy's Corporate Servs., Inc.*, 2016 WL 2993195 at *4 (N.D. W. Va. May 23, 2016) (Keeley, J.) ("Courts give significant deference to a demand letter when evaluating the amount in controversy.").

18. Plaintiffs allege that they are entitled to compensatory and punitive damages in an amount sufficient to compensate for past and future damages resulting from the injury with interest for the date of the injury until paid, court costs, attorney's fees, and for other relief as the Court may deem appropriate. (*See* Complaint at 6, 7, *ad damnum* clause).

19. Taking into account the compensatory and punitive damages alleged by Plaintiffs, in conjunction with Plaintiffs' pre-suit demand exceeding the jurisdictional minimum, the amount in controversy exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional amount is established for purposes of 28 U.S.C. § 1332(a).

## OTHER MATTERS

20. The Clerk of the Circuit Court of Monongalia County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

21. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia.

22. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

23. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available

to it.

      WHEREFORE, Lowe's hereby removes this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

*s/ Monté L. Williams*
Monté L. Williams, Esq. (WV Bar #9526)
Elizabeth L. Stryker, Esq. (WV Bar #13270)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
monte.williams@steptoe-johnson.com
liz.stryker@steptoe-johnson.com
*Counsel for Lowe's Home Centers, LLC*
