

# SUMMONS

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**GERRI ANNE MEDLEY
AND
RUSSELL MEDLEY**

**PLAINTIFF(S)**

VS.

**CIVIL ACTION NO. 18-C-457**

**LOWE'S HOME CENTERS, L.L.C.
901 Venture Drive
Morgantown WV 26508**

**DEFENDANT(S)**

TO THE ABOVE NAMED DEFENDANT(S):

IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon **FRANK C. WALKER, II**, counsel for plaintiff(s), whose address is **3000 N LEWIS RUN ROAD, CLAIRTON, PA  15025** an answer, including any related counter-claim you may have to the complaint filed against you in the above style civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

DATED: **November 13, 2018**

Jean Friend, Circuit Clerk

By _Susan Trowbridge_
Deputy Clerk



## IN THE CIRCUIT COURT OF MONOGALIA COUNTY, WEST VIRGINIA

GERRI ANNE MEDLEY,
and RUSSELL E. MEDLEY,　　　　　　　　CIVIL ACTION

　　　　Plaintiffs,　　　　　　　　　　　　　No. 18-C-457

v.

LOWE'S HOME CENTERS, L.L.C.

　　　　Defendant.

### COMPLAINT

AND NOW come Plaintiffs, GERRI ANNE MEDLEY and RUSSELL E. MEDLEY, by and through their undersigned counsel and files the within Complaint against the above captioned Defendants and in support thereof avers as follows:

### I. Parties and Venue

1. Plaintiffs, Gerri Anne Medley (hereinafter referred to as "Plaintiff Wife") and Russell E. Medley (hereinafter referred to as "Plaintiff Husband") are adult individuals residing at 207 Patriot Lane, Morgantown, Monongalia County, West Virginia 26508.

2. Defendant, Lowe's Home Centers, L.L.C., is a corporation, which maintains a place of business at 901 Venture Drive, Morgantown, Monongalia County, West Virginia 26508, and a corporate address at 1605 Curtis Bridge Road, Wilkesboro, Wilkes County, North Carolina 28697.

3. At all times relevant to this matter, Defendant owned, possessed, maintained, occupied, and/or controlled the home improvement store located at 901 Venture Drive, Morgantown, Monongalia County, West Virginia 26508, (hereinafter "the premises").

4. At all times relevant and material hereto Defendant acted by and through their servants, employees, agents, representatives, assignees, subsidiaries, store locations, and parent companies.

5. Upon information and belief, Plaintiff Wife was lawfully upon the premises as a business invitee.

6. Jurisdiction and venue are proper in Monongalia County, West Virginia because the incident in question occurred in Morgantown, West Virginia.

## II. FACTUAL BACKGROUND

7. Paragraphs 1-6 are incorporated by reference as though set forth at length herein.

8. At all times relevant and material hereto there existed a dangerous, defective, hazardous and unsafe condition on the premises, characterized as a hole in the pavement of the parking lot.

9. On or about March 13, 2017, Plaintiff Wife was caused to trip and fall as a result of the aforementioned dangerous, defective, hazardous, and unsafe condition while walking in the parking lot of the premises, thereby sustaining severe and serious injuries.

## COUNT I

### NEGLIGENCE
*(Gerri Anne Medley vs. Defendant)*

10. Paragraphs 1-9 are incorporated by reference as though set forth at length herein.

11. At all times aforesaid, Plaintiff Wife acted in a reasonable, careful and prudent manner walking through the parking lot of the premises.

12. Defendant, through its agents, servants and/or employees, knew or should have known by way of inspection, that the above-described actions created a dangerous condition and unreasonable and unnecessary risk of harm.

13. Plaintiff Wife's injuries were the direct and proximate result of the carelessness and negligence of the Defendant, its agents, servants, employees and workers, as follows:

    a. In allowing and/or permitting a dangerous, unsafe, and hazardous condition to exist on the premises;

    b. In providing a premises that was unsafe for use;

    c. Failing to inspect and warn of dangerous and unsafe condition;

    d. In failing to warn users, including Plaintiff Wife, regarding the dangerous hazardous, unsafe and defective condition of the premises;

    e. In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from traversing by the dangerous, hazardous, unsafe and defective condition; and,

    f. In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises.

14. The incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant, through its agents, servants, employees and workers and Plaintiff Wife's injuries were in no manner due to any failure to act on the part of Plaintiff Wife.

15. As a direct and proximate result of the conduct of the Defendant, through its agents, servants, employees and workers, above-described negligent conduct, Plaintiff Wife has suffered from the following serious, painful and debilitating physical injuries some or all of which may be permanent:

    a. Injuries to the bones, ligaments, tendons, vessels, nerves and tissues of the left knee which required physical therapy;

    b. Right ankle avulsion fracture off the tip of the distal fibula;

    c. Bruises, contusions and other injuries in or about the nerves, muscles, bones, tendons, ligaments, tissues and vessels of Plaintiff Wife's body;

    d. Shock, nervous tension and anxiety; and,

    e. Other serious injuries undetermined at the time of filing of this Complaint.

16. Plaintiff Wife claims damages for conscious pain, suffering, inconvenience, loss of earnings and earning capacity, and enjoyment of life.

17. By reason of injuries complained of Plaintiff Wife has suffered great physical pain, suffering, agony, embarrassment, mental anguish and emotional distress.

18. As a result of said injuries, the general health, strength and vitality of Plaintiff Wife has been impaired to her great loss and damage.

19. Plaintiff Wife has incurred significant expenses for medical care and rehabilitation, all of which may continue into the future.

20. Plaintiff Wife has also suffered loss of income and diminished earning capacity and it is believed that this loss of income ad diminished earning capacity will continue into the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendant together with court costs, interest and such other and further relief as the Court may deem just and equitable.

### COUNT II

### LOSS OF CONSORTIUM
*(Russell E. Medley vs. Defendant)*

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as fully as though the same were set forth herein at length.

22. As a result of the negligence and carelessness of Defendant, Plaintiff Husband, has been caused to suffer the following damages:

    a. He has been and will continue to be required to expend large sums of money for wife's medical care, medical supplies, and medicine; and

    b. He has been and will continue to be deprived of the services, assistance, companionship and society of his wife.

**WHEREFORE**, the Plaintiffs demands for judgment against Defendant together with court costs, interest and such other and further relief as the Court may deem just and equitable.

Additionally, the Plaintiffs requests that the Court award them compensatory and punitive damages in an amount sufficient to compensate for past and future damages

resulting from the injury with interest from the date of the injury until paid, court costs, attorneys fees, and for other relief as the Court may deem appropriate.

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

FRANKWALKERLAW

By: _____
Frank C. Walker, II, Esquire
Attorney for Plaintiffs
WV Bar #11853

FRANK WALKER LAW

3000 N. Lewis Run Road
Clairton, Pennsylvania 15025

frank@frankwalkerlaw.com

412.405.8556 (office)
412.202.9193 (fax)