```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GERRI ANNE MEDLEY and**
**RUSSELL E. MEDLEY,**

        **Plaintiffs,**

**v.**                                   **CIVIL ACTION NO. 1:18CV224**
                                                            **(Judge Keeley)**

**LOWE'S HOME CENTERS, LLC.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING THE**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

      This personal injury case arises from a slip and fall in the parking lot of the defendant, Lowe's Home Centers, LLC ("Lowe's"), Morgantown store on March 13, 2017. The plaintiffs, Gerri Anne Medley ("Mrs. Medley") and Russell E. Medley ("Mr. Medley") (collectively, "the Medleys"), seek to recover damages from Lowe's for injuries Mrs. Medley suffered as a consequence of her fall. Lowe's has moved for summary judgment on all claims. For the reasons that follow, the Court **DENIES** the motion.

## I. BACKGROUND

      The Court recites the facts in the light most favorable to the Medleys, the nonmoving parties. See Providence Square Assocs., LLC v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). On the evening of March 13, 2017, after visiting Lowe's in Morgantown to exchange a faucet, Mrs. Medley tripped and fell on a pothole in the store's parking lot, fracturing her ankle (Dkt. Nos. 39-1 at 1-2). An

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

eyewitness to the fall, Ben Orendorff, assisted Mrs. Medley to her feet and stated he could "see the pain on her face as she fell, and that "she could not put a lot of . . . pressure on her leg" (Dkt. No. 39-3 at 2-3).

After the fall, Mr. and Mrs. Medley, together with Lowe's store manager, Chris Deuesenberry ("Deuesenberry"), completed an accident report (Dkt. No. 39-1 at 2). Deuesenberry, however, failed to document in the report when Lowe's had last inspected the area where Mrs. Medley fell. Id. Deuesenberry later confirmed that Lowe's policy requires an employee to inspect its parking lot daily. Id. at 2-3. Lowe's has conceded that it is responsible for maintaining its parking lot in a reasonably safe condition. Id.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square, 211 F.3d at 850. The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely

**MEDLEY V. LOWE'S** 1:18CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III. APPLICABLE LAW

In West Virginia, a plaintiff seeking to recover damages for a tortfeastor's negligence must prove by a preponderance of the evidence that the tortfeastor owed the plaintiff a duty of care and breached that duty. Senkus v. Moore, 207 W. Va. 659, 662, 535 S.E.2d 724, 727 (2000). The plaintiff must also prove that the breach proximately caused the plaintiff's injury. Id. Additionally, under West Virginia law, an owner or possessor of land "owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Burdette v.

**MEDLEY V. LOWE'S**                                                               **1:18CV224**

**MEMORANDUM OPINION AND ORDER DENYING THE**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

Burdette, 147 W. Va. 313, 127 S.E.2d 249, 252 (1962). This duty extends to "conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like." Id.

Landowners, however, "owe no duty of care to protect others against dangers that are open, obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers." W. Va. Code § 55-7-28(a). Moreover, "[e]ach person has a duty to look, and to look effectively, and to exercise ordinary care to avoid a hazard because if [s]he fails to do so and is injured, h[er] own negligence will defeat recovery." Birdsell v. Monongahela Power Co., 181 W. Va. 223, 382 S.E.2d 60, 62 (1989).

## IV. DISCUSSION

Lowe's contends that it owed no duty to Mrs. Medley to protect her from an open and obvious pothole (Dkt. No. 34). And even if it did owe her a duty, it asserts it did not breach that duty. Id. The Medleys dispute that the pothole was open and obvious, and contend the condition of the pothole and whether Lowe's exercised reasonable care in maintaining its parking lot are questions of fact for the jury (Dkt. No. 39-1 at 5, 9).

4

**MEDLEY V. LOWE'S** 1:18CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

**A. Duty of Care**

In 2015, the West Virginia Legislature codified the open and obvious doctrine, which had been abrogated by the West Virginia Supreme Court of Appeals in Hersh v. E-T Enterprises, Ltd. Partnership, 232 W. Va. 305, 752 S.E.2d 336 (2013). Under W. Va. Code §§ 55-7-28(a), landowners owe no duty to protect non-trespassers from dangers that are "open, obvious, reasonably apparent, or as well known to the person injured as they are to the owner." Id. While broad in its reach, the statute does not preclude liability as a matter of law in a case where there is a material question of fact as to whether the danger was open and obvious. See Martin v. Belk, 2:18-CV-01075, 2019 WL 3504277, at *4 (S.D. W. Va. Aug. 1, 2019).

The questions presented in this case are similar to those in other cases where plaintiffs tripped and fell as a result of conditions that were visible, but not obviously so. Compare Martin, 2019 WL 3504277, at *4 (finding that a reasonable jury could conclude that "low level" wrinkles in a department store's carpet were not open and obvious), and Huron v. Bojangles' International, No. 3:17-3898, 2019 WL 1119638, at *3 (S.D. W. Va. Mar. 11, 2019) (finding that a reasonable jury could conclude that a unpainted elevation between a sidewalk and parking lot was not open and

**MEDLEY V. LOWE'S** 1:18CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

obvious), with Aitcheson v. Dolencorp, 3:18-CV-174, 2020 WL 411037, at *4 (N.D. W. Va. Jan. 24, 2020) (finding that an 8-foot ladder blocking the entrance of a store, which the plaintiff admitted to seeing, was open and obvious). Clearly, when reasonable jurors viewing the same evidence could draw competing inferences regardnig the appearance of the pothole, the question is one of fact for a jury to decide.

Critically, the parties here dispute the size of the pothole. For example, Mrs. Medley recalls its size as about "four sheets of paper" (Dkt. No. 34-2 at 6), while Deuesenberry describes it as "a very small crack" (Dkt. No. 39-1). Nor do photos of the pothole submitted by the parties conclusively resolve questions about the pothole's size and appearance (Dkt. Nos. 34-6, 39-6). As well, lighting and weather conditions at the time of Mrs. Medley's fall could impact a factfinder's consideration of whether the pothole was an open and obvious danger.

There also is a dispute in this case regarding whether Mrs. Medley exercised reasonable care before she fell. Although Lowe's contends "there is no question that she failed to look where she was stepping," video evidence depicts Mrs. Medley maneuvering around a discolored area in the parking lot just prior to her fall (Dkt. No. 34-6). Therefore, material questions of fact exist as to

**MEDLEY V. LOWE'S** 1:18CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

whether the pothole was open and obvious and whether Mrs. Medley failed to look effectively to avoid the pothole.

**B. Breach of Duty**

A genuine question of fact also exists regarding whether Lowe's breached its duty to maintain its parking lot in a reasonably safe condition. See Burdette, 147 S.E.2d 252. Although, by policy, Lowe's mandated daily safety checks of the parking lot, the incident report completed after Mrs. Medley fell contains no information about when Lowe's had last inspected its parking lot (Dkt. No. 39-1 at 2-3). Such an omission could lead a reasonable juror to conclude that Lowe's had failed to inspect its parking lot as required.

Nor is the fact that Lowe's cannot locate any complaints about the condition of its parking lot within the six months prior to Mrs. Medley's fall dispositive (Dkt. No. 40 at 3). Indeed, when viewing the absence of any complaints in the light most favorable to the Medleys, it is equally plausible that no one complained about the pothole because it was not open and obvious. At bottom, a reasonable jury could find that Lowe's failed to identify and repair the pothole and, consequently, breached its duty to maintain its parking lot in a reasonably safe condition.

**MEDLEY V. LOWE'S** 1:18CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]**

**V. CONCLUSION**

Because genuine issues of material fact exist regarding the duty of care and breach thereof, the Court **DENIES** Lowe's motion for summary judgment (Dkt. No. 34).[1] The case will proceed to trial as scheduled on June 15, 2020 with jury selection beginning at 9:30 A.M.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: May 22, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has denied Lowe's motion for summary judgment on Mrs. Medley's negligence claim, summary judgment on Mr. Medley's derivative claim for loss of consortium must also be denied.

8